IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RANDY HUDDLESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3009 |
| | ) | |
| PHILLIP D. POHLMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant's Motion to Bifurcate Trial into a Liability Phase and a Damages Phase (d/e 18) and Motion in Limine (d/e 19). As set forth below, the Motion to Bifurcate is allowed, and the Motion in Limine is allowed, in part, and denied, in part.

A.   MOTION TO BIFURCATE

Defendant asks the Court to bifurcate the trial into a liability phase and a damages phase. See Fed. R. Civ. P. 42(b). This "[C]ourt may bifurcate a trial provided that this ruling 1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh

1

Amendment." Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000). Defendant asserts that bifurcation would promote judicial economy and avoid prejudice to the Defendant. Plaintiff contends that bifurcation would increase the overall length of the trial and that any prejudice to the Defendant could be avoided with the use of limiting instructions.

The parties agree that the trial, as a whole, will be relatively brief. Therefore, bifurcation would at best only slightly further the interest of judicial economy. However, as Defendant points out, Plaintiff indicates that he wishes to introduce evidence regarding Defendant's subjective intentions in arresting him. Defendant's state of mind, while relevant to the question of punitive damages, is irrelevant to the question of liability. Allowing the jury to hear evidence relating to Defendant's subjective intent at the liability stage could prejudice Defendant. Similarly, Plaintiff seeks to introduce evidence of his acquittal on the underlying criminal charges in connection with his request for damages arising out of his bond restrictions. Again, this potentially prejudicial evidence is not relevant to the question of liability, only to the question of damages. Furthermore, Plaintiff does not identify any prejudice he would suffer if the matter were bifurcated. Weighing all of the relevant factors, the Court believes that bifurcation is

appropriate. Defendant's Motion to Bifurcate is, therefore, allowed. The trial will be bifurcated into a liability phase and a damages phase. If Plaintiff prevails at the liability stage, the damages phase will begin at 9:00 a.m. the following day.

B.   MOTION IN LIMINE

Defendant seeks to bar Plaintiff from introducing evidence that falls into six distinct categories, set forth below. Under the Federal Rules of Evidence, in order for evidence to be admissible, it must be relevant. Fed. R. Evid. 402. Relevant evidence is defined as: "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

1.   Damages of Timberline Enterprises

Defendant seeks to bar any evidence or argument relating to damages allegedly incurred by Timberline Enterprises as a result of Plaintiff's arrest.

3

Timberline Enterprises is a trucking corporation owned by Plaintiff's wife, Annette Huddleston. Plaintiff was the Secretary/Treasurer of Timberline Enterprises. Plaintiff was also a salaried employee of the corporation, working as an over-the-road truck driver. Plaintiff submits that his damage testimony will be that, subsequent to his arrest, he was placed under a bond restriction. As a condition of the bond, Plaintiff was not permitted to leave the state of Illinois from the time of his arrest until his acquittal. Plaintiff maintains that he spoke with the State's Attorney about having this travel restriction lifted, and the State's Attorney indicated an unwillingness to do so. Plaintiff never petitioned the Court to lift the restriction. As a result of the travel restriction, Plaintiff maintains that he was unable to drive approximately 80% of the routes that he normally did for Timberline. Plaintiff asserts that Timberline was forced to sell off equipment and eventually cease operations.

Neither Timberline Enterprises nor its sole shareholder, Annette Huddleston, are parties to the instant lawsuit. Plaintiff cites no authority to support his position that he has standing to recover damages to Timberline, which he characterizes as "a family owned business." <u>Plaintiff's Memorandum of Law in Opposition to Defendant's Motion in Limine (d/e</u>

4

21) (Plaintiff's Memorandum), p. 3.  Moreover, even if Plaintiff were a shareholder of Timberline, "a plaintiff-shareholder cannot maintain a civil rights action for damages suffered by the corporation." Flynn v. Merrick, 881 F.2d 446, 450 (7th Cir. 1989).  Therefore, the evidence relating to damages allegedly incurred by Timberline Enterprises as a result of Plaintiff's arrest is not relevant.  Defendant's request to bar such evidence and argument relating to it is allowed.

        2.       Damages to Plaintiff Because of Bond Restrictions

Defendant seeks to bar any evidence or argument relating to damages allegedly incurred by Plaintiff because of the bond restriction prohibiting him from traveling out of state.  A § 1983 claim creates tort liability; thus, the damages available to Plaintiff are governed by the principles of tort law. Memphis Comm. Sch. Dist. v. Stachura, 477 U.S. 299, 305-06 (1986). "Ordinarily, to obtain an award of compensatory monetary damages under § 1983, a plaintiff must demonstrate both that he has suffered an 'actual' present injury and that there is a causal connection between that injury and the deprivation of a constitutionally protected right caused by a defendant." Henderson v. Sheahan, 196 F.3d 839, 848 (7th Cir. 1999).  Defendant asserts that the State's Attorney's decision to charge Plaintiff and Plaintiff's

5

failure to petition the Court to remove the travel restrictions were intervening events that proximately caused any damages relating to Plaintiff's inability to leave the state, breaking any causal link to Defendant's conduct.

Under Illinois law, proximate cause is generally a question for the trier of fact. First Springfield Bank & Trust v. Galman, 720 N.E.2d 1068, 1071 (Ill. 1999). Whether a defendant's acts are the proximate cause of an injury depends upon whether the injury was of a type that a reasonable person would see as a likely result of his conduct. Id. Turning to the instant case, a reasonable jury could find that it was reasonably foreseeable to Defendant that his arrest of Plaintiff would likely result in criminal charges being filed and Plaintiff being placed on bond restrictions. Therefore, the Court will not bar Plaintiff from introducing evidence relating to damages that he personally incurred because of the bond restriction prohibiting him from traveling out of state.

    3.    <u>Damages Relating to Plaintiff's Son</u>

Defendant seeks to bar any evidence or argument relating to damages allegedly suffered by Plaintiff's son as a result of Plaintiff's arrest. Defendant notes that, at his deposition, Plaintiff testified that his son had

problems at school because of Plaintiff's arrest. Specifically, Plaintiff testified, "You get calls from your school that your son is having trouble in school and you got to go up there and talk to him, you know, about it." <u>Amended Memorandum of Law in Support of Defendant's Motion in Limine (d/e 26)</u>, Exhibit 1, <u>Deposition of Randy Huddleston</u>, p. 19, l. 13-15. The parties agree that Plaintiff lacks standing to recover damages that his son has incurred. However, the evidence set forth above could be relevant to Plaintiff's claims of emotional distress. Therefore, the Court will not bar Plaintiff from introducing evidence relating to problems his son experienced as a result of Plaintiff's arrest, with respect to how his son's problems contributed to his emotional distress. The Court, however, notes that evidence that goes beyond the brief statement set out in Plaintiff's deposition could tend to be cumulative. Thus, the Court will not bar Defendant from renewing his objection at trial, should the prejudicial effect of Plaintiff's evidence on this issue begin to outweigh its probative value.

    4.    <u>Plaintiff's Acquittal</u>

Defendant seeks to bar any evidence or argument relating to Plaintiff's acquittal on the underlying criminal charges. Defendant argues that the jury's determination in the criminal trial has no relevance as to whether a

reasonable officer in Defendant's position could have believed that probable cause existed to arrest Plaintiff. Plaintiff asserts that evidence of the acquittal is relevant because "it is quite likely that witnesses will be impeached by utilizing the transcript of the criminal trial." Plaintiff's Memorandum, p. 5. Plaintiff further asserts that the acquittal is relevant in connection with evidence relating to Plaintiff's bond restrictions.

Defendant is correct that the fact that Plaintiff was acquitted on the criminal charges is not relevant to the issue of liability, which turns on whether, at the time of Plaintiff's arrest, a reasonable person in Defendant's position could have believed that probable cause existed to support the arrest. See Seventh Circuit Pattern Jury Instructions Civil No. 7.06. Therefore, the Court will bar evidence of Plaintiff's acquittal during the liability phase of the trial. In the event that it becomes necessary for counsel to impeach a witness using the transcript of the criminal trial, the transcript can be identified in general terms, (such as a court hearing on a given date) without identifying the matter as a criminal proceeding. However, Plaintiff's argument relating to the issue of his bond restrictions is well-taken. As set forth above, the Court will allow Plaintiff to present evidence relating to damages that he personally incurred because of the

bond restriction prohibiting him from traveling out of state. Plaintiff can do that by indicating that on a given date the restrictions were lifted.

### 5. Defendant's Subjective Intent

Defendant seeks to bar any evidence or argument relating to Defendant's subjective intent in arresting Plaintiff. It is well-established that an arresting officer's subjective reason for making the arrest need not be the criminal offense for which known facts provide probable cause. Whren v. United States, 517 U.S. 806, 812-813 (1996). "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Id. at 813 (internal quotations and citation omitted). Thus, evidence of Defendant's subjective intent in arresting Plaintiff is irrelevant to the question of liability, and the Court will bar evidence relating to it during the liability phase of the trial. Plaintiff, however, is seeking punitive damages. The Supreme Court has enunciated the appropriate standard for the availability of punitive damages in an action under § 1983 as follows: "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown

to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Therefore, if Plaintiff prevails as to liability, the Court will allow evidence of Defendant's subjective intent in arresting Plaintiff during the damages phase of the trial.

### 6. Discipline Defendant Received From His Employer

Defendant was disciplined by his employer, the Illinois State Police, for failing to file a police report relating to Plaintiff's arrest and the towing of Plaintiff's vehicle. Defendant asks the Court to bar any evidence or argument relating to this discipline because it is irrelevant. Plaintiff concedes that the fact that Defendant was disciplined is not relevant to the case. Therefore, Defendant's request to bar this evidence is allowed. In his response, Plaintiff states that he wishes to present evidence that Defendant "failed to follow the proper arrest protocol." Plaintiff's Memorandum, p. 7. Defendant's Motion in Limine is limited to the fact of the discipline, which Plaintiff concedes is irrelevant. At this point, the Court does not have sufficient information to evaluate the admissibility of any evidence relating to Defendant's alleged failure to follow proper arrest protocol. Thus, the Court will not rule on its admissibility at this time.

THEREFORE, for the reasons set forth above, Defendant's Motion to Bifurcate Trial into a Liability Phase and a Damages Phase (d/e 18) is ALLOWED. Defendant's Motion in Limine (d/e 19) is ALLOWED, in part, and DENIED, in part. Plaintiff is barred from introducing evidence relating to damages allegedly incurred by Timberline Enterprises and of discipline that Defendant received from his employer for failing to file a police report. Plaintiff is also barred from introducing evidence of his criminal acquittal and Defendant's subjective intent in arresting him during the liability phase of the trial and the outcome of the criminal trial in the damages phase. The Motion in Limine is denied in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER: February 27, 2007.

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                            UNITED STATES DISTRICT JUDGE